**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

TIFFANY KIRKPATRICK, et al., )
)
Plaintiffs, )
)
vs. ) NO. CIV-12-197-D
)
)
OKLAHOMA COUNTY DEPT. OF HUMAN )
SERVICES, et al., )
)
Defendants. )

**ORDER**

In this action, Plaintiffs assert claims pursuant to 42 U. S. C. § 1983, alleging their constitutional rights were violated when Defendant Oklahoma Department of Human Services ("DHS") initiated an action in the District Court of Oklahoma County to remove Plaintiff Tiffany Kirkpatrick's three children from her custody and place them in DHS protective custody. Plaintiffs, who appear *pro se*, allege the remaining defendants were also involved in the violation of their rights.

Now before the Court are nine separate motions to dismiss this action [Doc. Nos. 33, 35, 39, 44, 46, 48, 50, 52, and 55]. Four of the nine motions [Doc. Nos. 39, 44, 46, and 55] expressly assert that this Court should not exercise subject matter jurisdiction over this action because abstention is mandated by *Younger v. Harris*, 401 U.S. 37 (1971), or because the relief requested by Plaintiffs is barred by the *Rooker-Feldman* doctrine.[1] The remaining motions [Doc. Nos. 33, 35, 48, 50 and 52] argue Plaintiffs have failed to adequately state a claim for relief, or assert claims for relief which

[1]The doctrine is derived from two United States Supreme Court decisions, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

are barred by immunity. Two of the motions also argue that Plaintiffs failed to properly serve process upon the moving defendant.

Because the Court must first determine that it has subject matter jurisdiction to consider Plaintiffs' claim, the motions based on *Younger* and the *Rooker-Feldman* doctrine will be considered prior to the motions asserting other arguments. *Starkey ex rel. A.B. v. Boulder County Social Services*, 569 F.3d 1244, 1259-60 (10th Cir. 2009).

Background:

After filing this action, Plaintiffs[2] sought a temporary restraining order in which they asked this Court to enter an order directing DHS to return the children to Ms. Kirkpatrick or to place them in the custody of her relatives. The Court entered an Order [Doc. No. 42] denying the requested injunctive relief. In that Order, the Court questioned the propriety of exercising jurisdiction over this matter because the allegations in the Complaint and the documents attached thereto indicate there is an ongoing proceeding in the District Court of Oklahoma County (the "State court proceeding") regarding the custody of Ms. Kirkpatrick's children. The Court noted that, in its response to Plaintiff's request for temporary injunctive relief, DHS confirmed that it brought the action, styled *In the Matter of ZSA, MJB, and MLK,* Case No. JD-2012-6, pursuant to Okla. Stat. tit. 10A § 1-1-102, and the State court entered a January 4, 2012 Order to Take Minor Children into Emergency Custody (the "Custody Order"). *See* Order [Doc. No. 42] at pp. 2-3. The result of the State court's order was the removal of the children from Ms. Kirkpatrick's custody. The parties confirmed that the State court proceeding had not concluded.

[2]In addition to Ms. Kirkpatrick and her three minor children, also named as plaintiffs are Ms. Kirkpatrick's finance, Jesse H. James, Jr., and her roommate, Crystal Bonsall.

In denying the temporary restraining order, the Court explained in some detail that, assuming it otherwise had subject matter jurisdiction over Plaintiffs' claims,[3] it is required to abstain from exercising its jurisdiction when doing so would interfere with an ongoing state proceeding involving important state interests. *Younger v. Harris,* 401 U.S. 37 (1971). The Court further explained that, even if the State court proceeding had concluded, the *Rooker-Feldman* doctrine would preclude this Court's review of the decisions reached in the State court proceeding. *See* Order [Doc. No. 42] at pp. 5-6. The Court concluded that, in any event, Plaintiffs had not satisfied the requirements for a temporary restraining order, and denied the request.

Four of the defendants moving to dismiss this action now reassert their arguments in support of *Younger* abstention or application of the *Rooker-Feldman* doctrine. Plaintiffs' response to the motions[4] argues that *Younger* does not apply because the State court proceeding is not a criminal action, and Plaintiffs are not charged with crimes.

Application:

A. *Younger* abstention:

Pursuant to *Younger,* even if a federal court otherwise has subject matter jurisdiction over an action, it must decline to exercise jurisdiction when doing so would interfere with an ongoing state proceeding involving important state interests.

---

[3]A federal court typically lacks subject matter jurisdiction where a plaintiff seeks redress for alleged constitutional violations occurring in a state court proceeding which terminates parental rights. *Roman-Nose v. New Mexico Dept. of Human Services*, 967 F.2d 435, 437 (10th Cir. 1992).

[4]Plaintiffs filed a response "in opposition to all motions to dismiss." However, DHS filed its motion to dismiss [Doc. No. 55] after the response was filed, and Plaintiffs did not respond to that motion. Pursuant to Rule 7.1 of the Local Civil Rules, the Court may, in its discretion, deem the motion of DHS confessed. LCvR 7.1(g). However, that motion raises the *Younger* and *Rooker-Feldman* arguments raised in other motions to which Plaintiffs responded. Accordingly, the merits of the motion are addressed in this Order.

"A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amanatullah v. Colorado Board of Medical Examiners*, 187 F. 3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998)). Tenth Circuit Court of Appeals decisions "consistently state that the application of *Younger* is mandatory." *Chapman v. Barcus,* 372 F. App'x 899, 901 (10th Cir. 2010) (unpublished opinion) (citing *Weitzel v. Div. of Occupational and Professional Licensing of Dept. of Commerce,* 240 F. 3d 871, 875 (10th Cir. 2001)).

The record before the Court reflects that the State court entered the Custody Order placing Ms. Kirkpatrick's children in DHS custody. According to the Custody Order, submitted as Exhibit 11 to the Complaint, the State court determined that, pursuant to Okla. Stat. tit. 10A § 1-4-201, the continuation of the children in the home in which they resided at the time "is contrary to the child(ren)'s welfare," and the children are "in need of immediate protection due to an imminent safety threat," or the continuation of the children in the care of the parent "would present an imminent safety threat" to Ms. Kirkpatrick's children. Custody Order, Ex. 11 to Complaint.

The Complaint in this case asks this Court to order the State court to reverse that decision and direct that Ms. Kirkpatrick's children be returned to her or placed in the custody of relatives. She contends that they are suffering abuse or mistreatment in DHS custody. She has not argued to this Court, however, that she has asserted that allegation in the State court proceeding. She offers

no argument that she is unable to present to the State court the evidence which she contends supports her allegation that the children have been mistreated or abused while in DHS custody.

The record before the Court establishes that the *Younger* factors are present in this case. First, the record reflects that there is an ongoing state proceeding. Second, Plaintiffs have an opportunity to present, in that proceeding, their claims that the children are being mistreated or abused in their current custody setting, and should be returned to Ms. Kirkpatrick or her relatives. Plaintiffs offer no argument that they are prevented from raising, in the State court proceeding, the same contentions and requests for relief that are asserted in this lawsuit. As DHS explained in its brief in response to Plaintiffs' request for a temporary restraining order, Ms. Kirkpatrick's children are represented in the State court proceeding by the Oklahoma County Public Defender's office, and their attorney has the authority to present to the State court any issue regarding the children's interests. Thus, any claim of mistreatment in their current custodial setting can be asserted on their behalf by their appointed attorney. Finally, "custody issues are traditional state-law matters that implicate important state interests, fulfilling the third condition" of *Younger*, and the Tenth Circuit has recognized that *Younger* is particularly important in child custody proceedings, which "'are an especially delicate subject of state policy.'" *Chapman,* 372 F. App'x at 902 (quoting *Morrow v. Winslow*, 94 F. 3d 1386, 1393 (10th Cir. 1996)).

In this case, Plaintiffs ask this Court to not only reverse the State court's prior decision with regard to the placement of Ms. Kirkpatrick's children in DHS custody, but to direct that court to return the children to her or to place them with her relatives. *Younger* precludes the Court from taking such action. "*Younger* abstention dictates that federal courts *not* interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or

declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir.1999) (emphasis added).

Contrary to Plaintiffs' contention, the fact that the State court proceeding is not a criminal action does not preclude the application of *Younger.* The Supreme Court has held that *Younger* applies to state civil proceedings where important state interests are involved. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). As the Tenth Circuit has held, the "important state interests" covered by *Younger* include "matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah*, 187 F.3d at 1163. Consideration and enforcement of Oklahoma statutes designed to ensure the protection of Oklahoma children certainly serve important state interests. *See Chapman*, 372 F. App'x at 902.

Thus, to the extent the State court proceeding is ongoing, this Court finds the factors dictating *Younger* abstention are present. Accordingly, the Court will not exercise jurisdiction over this case.

B. The *Rooker-Feldman* doctrine:

Even if the State court proceeding has concluded, this Court cannot properly consider Plaintiffs' claims in this action to review or reconsider the State court's rulings because the *Rooker-Feldman* doctrine bars a federal court from reviewing state court judgments where the plaintiff seeks review and reversal of the state court's judgment. Thus, federal district courts are precluded from "effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*,

441 F.3d 1229, 1233 (10th Cir. 2006). To determine whether federal and state claims are inextricably intertwined, the Court must focus on the relief sought in the federal action:

> "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147–48 (10th Cir.2004), *overruled in part on other grounds by Exxon Mobil Corp.,* 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker–Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir.1997).

*Ingersoll v. El Paso County Child Support Enforcement*, 2011 WL 6181432, at *2 (D. Colo. Dec. 13, 2011) (unpublished opinion).

The Tenth Circuit has held that *Rooker-Feldman* applies to actions in which a plaintiff challenges a state court's determination of child custody matters, finding *Rooker-Feldman* barred the federal court's review of a final state court order terminating the plaintiff's parental rights because the federal court "lacked jurisdiction to take the action requested...to strike the state court decisions and replace them with its own orders regarding the custody of [Plaintiff's] children." *Hepple v. New Mexico*, 434 F. App'x 771, 772 (10th Cir. 2011) (unpublished opinion). The same result was reached where the parent seeking custody asserted, in a federal lawsuit, that his civil rights were violated in connection with the state court's unfavorable custody decision. *Atkinson-Bird v. State of Utah*, 2004 WL 267754, at *1 (10th Cir. Feb. 13, 2004) (unpublished opinion). According to the Tenth Circuit, the federal court's adjudication of the claims would, of necessity, require relitigation and review of the state court decisions, a result prohibited by *Rooker-Feldman. Id.*

In this case, the relief requested in the Complaint would necessarily require this Court to review the State court's decisions regarding the propriety of removing the children from Ms. Kirkpatrick's custody and to reconsider the proper custody decision to ensure their safety and well-being. Because these matters have been, at a minimum, partially determined by the State court,[5] this Court lacks jurisdiction to review or reconsider that determination. Accordingly, the Court finds dismissal is warranted under the *Rooker-Feldman* doctrine to the extent that the State court has finally adjudicated the custody proceeding.

Conclusion:

For the foregoing reasons, the motions to dismiss [Doc. Nos. 39, 44, 46, and 55] are granted to the extent the motions assert the propriety of *Younger* abstention. Having so ruled, the Court need not consider the remaining motions, as adjudication of the claims against the remaining movants would also be precluded by *Younger* abstention. Accordingly, the Court deems those motions [Doc. Nos. 33, 35, 48, 50 and 52] moot. If the State court proceeding has concluded, the action is dismissed pursuant to the *Rooker-Feldman* doctrine. This action is dismissed without prejudice[6] to the filing of a future action.

IT IS SO ORDERED this 30th day of January, 2013.

---

[5]The parties have not advised this Court of the current status of the State court proceeding, and it is not clear that a final adjudication has been determined.

[6]A dismissal for lack of subject matter jurisdiction is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). "*Younger* abstention is jurisdictional," and dismissal should be without prejudice. *Bryner v. Lindberg*, 429 F.App'x 736, 737-38 (10th Cir. 2011) (unpublished opinion) (citing *D.L. v. United School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)).

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE